# In the United States Court of Federal Claims

No. 19-151C
(Filed February 27, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
                                *
OWL, INC.,                      *
                                *
            Plaintiff,          *
                                *
      v.                        *
                                *
THE UNITED STATES,              *
                                *
            Defendant,          *
                                *
      and                       *
                                *
KTS SOLUTIONS, INC.,            *
                                *
            Defendant–Intervenor. *
                                *
                                *
* * * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record at the conclusion of today's oral argument, the Court **GRANTS** defendant's motion to dismiss this case. Plaintiff, Owl, Inc., alleges that the Department of Veterans Affairs (VA) failed to properly implement corrective action that was promised, delayed a procurement in bad faith, and improperly awarded a contract to intervenor KTS Solutions, Inc. Compl. ¶¶ 25–48. In sum, the Court found that under *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313–15 (Fed. Cir. 2007), the claims concerning the corrective action and bad faith were waived because Owl failed to file a protest on those bases prior to the October 10, 2018 deadline for submitting a verification or revised proposal. *See* Ex. 9 to Compl. at 7; Compl. ¶ 12 (stating that Government Accountability Office protest was filed October 11, 2018). Both of these claims were apparent from the face of the amendment to the solicitation issued by the VA on

October 1, 2018, which failed to contain the terms plaintiff expected and failed to grandfather Owl for eligibility (after it surpassed the size limit for the Service-Disabled Veteran-Owned Small Business award on January 1, 2018). Thus, objections concerning the corrective action and the delay in implementing it were due by the revised proposal deadline. *See Blue & Gold*, 492 F.3d at 1315; *NVE, Inc. v. United States*, 121 Fed. Cl. 169, 179 (2015) (applying waiver to challenges to corrective action). The Court further found that the October 10, 2018 submission deadline was the latest date upon which Owl could have challenged the solicitation provision restricting awards to businesses which meet the size requirements as of the date of award. *See* Ex. 10 to Compl. at 37 (paragraph C.8(b)(2) of solicitation, containing VAAR 852.219-10).

Having waived any challenge to provisions which render plaintiff ineligible for the award, Owl cannot be considered an interested party with standing to challenge the award to KTS. *See Myers Investigative & Sec. Servs. v. United States*, 275 F.3d 1366, 1370 (Fed. Cir. 2002); 28 U.S.C. § 1491(b)(1). Accordingly, the government's motion to dismiss the case is **GRANTED**, and Owl's motion for a preliminary injunction and application for a temporary restraining order are **DENIED** as moot. The Clerk shall enter judgment for defendant and defendant-intervenor.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge